IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANNA SOTELO, | § |
| Plaintiff, | § § § |
| v. | §  No. 4:14-cv-1401 |
| GC SERVICES LIMITED PARTNERSHIP, | § § § |
| Defendant. | § § |

## PLAINTIFF'S COMPLAINT

ANNA SOTELO ("Plaintiff"), through her attorneys, KROHN & MOSS, LTD., alleges the following against GC SERVICES LIMITED PARTNERSHIP ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

2. Count II of Plaintiff's Complaint is based on Texas Statute, Finance Code, § 392.302 *et seq.* ("Texas Finance Code").

### JURISDICTION and VENUE

3. Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business and is located in the State of Texas thereby establishing personal jurisdiction.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person residing in Las Vegas, Nevada.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3) and Texas Finance Code § 392.001(1).

8. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5) and Texas Finance Code § 392.001(2).

9. Defendant is a business entity with an office located at 6330 Gulfton St., Houston, Texas 77081.

10. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and Texas Finance Code § 392.001(6).

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. Prior to the filing of this action, an account was placed with Defendant from a third party to collect monies from Plaintiff which were alleged to be owed and past due ("debt").

13. The aforementioned debt arises from transactions made on a JCPenny credit card, which were for personal and household purposes.

14. In or around January, 2014, Defendant started placing telephone calls to Plaintiff on her residential telephone line, at telephone number (702) 739-63xx, in connection with its attempts to collect the alleged debt ("collection calls").

15. Defendant has been assigned multiple telephone numbers from its telephone provider(s) which are used to place collection calls including, but not limited to, 702-505-9865, 702-430-8901, 702-505-9894, 702-289-4390, 702-425-3568 and 702-430-8678.

16. Defendant places up to fourteen (14) collection calls per day to Plaintiff.

17. Defendant's collection calls to Plaintiff include, but are not limited to, the following:

- February 13-10 calls;
- February 14-6 calls;
- February 15-9 calls;
- February 16-2 calls;
- February 17-12 calls;
- February 18-6 calls;
- February 19-8 calls;
- February 20-8 calls;
- February 21-3 calls;
- February 22-8 calls;
- February 23-6 calls;
- February 24-7 calls;
- February 25-12 calls;
- February 26-2 calls;
- February 27-13 calls;
- February 28-9 calls;
- March 1-5 calls;
- March 11-4 calls;
- March 12-6 calls;
- March 13-7 calls;
- March 14-14 calls;
- March 15-5 calls;
- March 16-4 calls;
- March 17-3 calls;
- March 18-2 calls;
- March 19-8 calls;
- March 20-3 calls;
- March 21-3 calls;
- March 22-4 calls;
- March 23-4 calls;
- March 24-3 calls;
- March 25-8 calls;
- March 26-7 calls;
- March 27-3 calls;
- March 28-3 calls;
- March 29-5 calls;
- March 30-4 calls;
- March 31-3 calls.

18. Plaintiff has an answering service that allows callers to leave her a message if she does not answer a call.

19. Defendant left messages for Plaintiff when she did not answer their collection calls

20. The messages that Defendant left for Plaintiff did not identify its business name, did not state that it was a debt collector, and did not inform Plaintiff that it was calling about a debt.

21. Plaintiff is annoyed and feels harassed by Defendant's constant, continuous and excessive collection calls.

22. Defendant uses harassing conduct in an attempt to collect the alleged debt from Plaintiff.

23. Defendant also uses deceptive and misleading conduct in its attempts to collect the alleged debt from client by failing to identify its business name or that it was a debt collector in the messages it leaves for Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

24. Defendant violated the FDCPA based on the following:

   a. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff in connection with the collection of a debt;

   b. Defendant violated §1692d(5) of the FDCPA by causing Plaintiff's telephone to ring repeatedly and/or continuously with intent to annoy, abuse, or harass Plaintiff;

   c. Defendant violated §1692d(6) of the FDCPA by failing to provide Plaintiff with its identity in its messages for Plaintiff;

    d. Defendant violated §1692e(10) of the FDCPA by using deceptive means to attempt to collect the debt; and

    e. Defendant violated §1692e(11) of the FDCPA by failing to disclose in its messages that it is a debt collector.

WHEREFORE, Plaintiff, ANNA SOTELO, respectfully requests judgment be entered against Defendant, GC SERVICES LIMITED PARTNERSHIP, for the following:

25. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k,

26. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k

27. Any other relief that this Honorable Court deems appropriate.

### COUNT II:
### DEFENDANT VIOLATED
### THE TEXAS FINANCE CODE

28. Plaintiff repeats and re-alleges all of the above allegations herein.

29. Defendant violated Texas Finance Code based on, but not limited to, the following:

    a. Defendant violated § 392.302(4) of the Finance code causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass Plaintiff;

    b. Defendant violated § 392.304(a)(19) of the Finance code by using false representations and/or deceptive means to collect the alleged debt.

WHEREFORE, Plaintiff, ANNA SOTELO, respectfully requests judgment be entered against Defendant, GC SERVICES LIMITED PARTNERSHIP, for the following:

30. Injunctive relief pursuant to Texas Finance Code § 392.403(a)(1), to prevent

Defendant from further violating the Texas Finance Code;

    31.    Costs and reasonable attorneys' fees pursuant to Texas Finance Code § 392.403(b); and

    32.    Any other relief that this Court deems appropriate.

RESPECTFULLY SUBMITTED,

Dated: May 22, 2014        By:/s/ Ryan Lee
Ryan Lee
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 405
Los Angeles, CA 90025
Tel: 323-988-2400 x241
Fax: 866-861-1390
rlee@consumerlawcenter.com

Adam T. Hill
Krohn & Moss, Ltd.
10 N. Dearborn St., 3rd Fl.
Chicago, IL 60602
Tel: 312-575-9428 x242
Fax: 866-861-1390
ahill@consumerlawcenter.com

*Attorneys for Plaintiff*